IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CERENCE INC. and CERENCE OPERATING COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION and NUANCE COMMUNICATIONS, INC., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. ) ) **DEMAND FOR JURY TRIAL** ) ) ) ) ) ) |

## ORIGINAL COMPLAINT

Plaintiffs Cerence Inc. and Cerence Operating Company (collectively referred to as "Plaintiffs") file this Original Complaint against Defendants Microsoft Corporation and Nuance Communications, Inc. (collectively referred to as "Defendants"), and in support of their claims respectfully allege the following:

## I.
## PARTIES

1. Cerence Inc. ("Cerence Inc.") is a Delaware corporation with its principal place of business in Burlington, Massachusetts.

2. Cerence Operating Company ("Cerence OpCo") is a Delaware corporation with its principal place of business in Burlington, Massachusetts.

3. Nuance Communications, Inc. ("Nuance") is a Delaware corporation with its principal place of business at 1 Wayside Road Burlington, Massachusetts 01803. Nuance Communications, Inc. can be served with process through its registered agent Corporation Service Company, 251 Little Falls Dr. Wilmington, Delaware 19808 or The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

4. On information and belief, Microsoft Corporation ("Microsoft") is a Washington state corporation with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft Corporation can be served with process through its registered agent Corporation Service Company, 300 Deschutes Way SW Suite 208 MC-CSC1, Tumwater, Washington 98501.

## II.
## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1338 (Copyright Act) and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

6. This Court has personal jurisdiction over Nuance because Nuance consented to "the exclusive jurisdiction, forum and venue of the Delaware Court of Chancery [or] the federal court sitting in the State of Delaware," in Paragraph 11.4 of the OEM License and Distribution Agreement ("TTS License") between Cerence Inc. and Nuance. Exhibit 1, ¶ 11.4.

7. This Court also has personal jurisdiction over Nuance because Nuance is registered to do business and regularly conducts business in the State of Delaware.

8. The Court has personal jurisdiction over Microsoft because Microsoft is present within or has minimum contacts within the State of Delaware and the District of Delaware; Microsoft has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Microsoft has sought protection and benefit from the laws of the State of Delaware; and Microsoft regularly conducts business within the State of Delaware and within the District of Delaware.

9. Venue is proper under 28 U.S.C. § 1391.

## III.
## FACTUAL ALLEGATIONS

10. Nuance is a twenty-year veteran of the text-to-speech ("TTS") and voice recognition industry. Its technology allows companies to provide more efficient and automated

communication with their customers. Prior to 2019, Nuance had a hand in numerous industries deploying these interactive technologies, including automotive, healthcare, financial services, retail and telecommunications.

11. In 2018, Nuance announced its decision to separate its automotive business unit from its other business units, ultimately resulting in the creation and spinoff of Cerence Inc., Cerence OpCo (Cerence Inc.'s wholly owned subsidiary), and other related subsidiaries (collectively, "Cerence").

12. Nuance completed its designed spinoff of Cerence Inc. on September 30, 2019. In preparation for this spinoff, Nuance transferred ownership, including IP rights, of its TTS technology to entities that would become part of Cerence Inc.

13. Cerence OpCo owns copyrights in the TTS technology, including a federal registration covering the technology (Copyright Registration No. TXu 2-482-827), and has granted Cerence Inc. a non-exclusive sublicensable license to the technology. Cerence OpCo's federal copyright registration certificate is attached as Exhibit 2.

14. Although Nuance was separating from the automotive industry, it still needed continued access to the TTS technology to enable speech output in non-automotive industries that it retained. As a result, on September 30, 2019, as a part of the spinoff, Nuance caused Cerence Inc. to enter into an Original Equipment Manufacturer ("OEM") License and Distribution Agreement covering the TTS technology (the "TTS License"). A copy of this Agreement is attached to this complaint as Exhibit 1.

15. Nuance's counsel drafted the spinoff documents, including the TTS License.

16. Cerence Inc. was not represented by separate counsel in these negotiations.

17. Since the Nuance-Cerence spinoff in 2019, Cerence Inc. has operated as an independent company.

18. Cerence is a leader in artificial intelligence ("AI"), TTS and voice recognition technology within the automotive industry and is expanding to adjacent markets. Cerence provides this technology to many of the world's largest vehicle manufacturers including Audi, Ford, General Motors, Mercedes-Benz, and Toyota. Cerence's TTS technology enables robust hands-free speech interaction between drivers and their vehicles to maintain a safe driving experience. For example, Cerence's TTS technology provides spoken instructions for navigation and reads text messages out loud. Under the TTS License between Cerence Inc. and Nuance, Cerence Inc. granted two main licenses: (a) the right for Nuance to distribute products using the TTS technology to third parties in object code form; and (b) the right to use the TTS technology, including source code, internally to support that business. (Ex. 1 at 4, Section 3.) The TTS License provides that Cerence Inc. retains ownership of the TTS technology (as detailed in the exhibits thereto, including vocalizer engines and associated tools). (Ex. 1 at 21 (Exhibit A, Part B).)

19. In exchange for these rights, Nuance agreed to pay approximately $4.5-$4.8 million per year for five years, according to the schedule attached as Exhibit A. (Ex. A at 21 (Exhibit A, Part A).)

20. The TTS License includes additional limitations. For example, it is for a limited term of five years, expiring on September 30, 2024. Additionally, the license is generally non-exclusive and non-transferable. Cerence retains ownership of the technology, and all rights not expressly granted to Nuance are reserved by Cerence.

21. The TTS License also contains a robust confidentiality provision protecting the parties' confidential information from unpermitted disclosure. (Ex. 1 at 8-9, Section 6.) Among

other things, Section 6 of the license states that "any Source Code delivered by Cerence Inc. to Licensee under this OEM Agreement shall be considered a trade secret and Confidential Information, whether designated as confidential or not, and it shall remain confidential in perpetuity." (Ex. 1 at 6, Section 6.4.)

22. With respect to Maintenance and Support, the parties agreed that during the term Nuance would "provide first and second line support to its direct End Customers and Resellers," while Cerence Inc. would provide "third line support," along with updates and upgrades.

23. Under the TTS License, except under certain limited circumstances, neither party can assign its rights, interests, or obligations without the prior written consent of the other party. (Ex. 1 at 11.)

24. The TTS License provides for a three-year "Wind-Down Period" upon expiration or termination. (Ex. 1 at 9, Section 7.5.) During this three-year period, Nuance has certain rights including ongoing third level support (except for updates and upgrades). The TTS License also provides that licenses previously issued by Nuance during the term are paid up and irrevocable. As of termination, however, Nuance has no ongoing right to distribute additional licenses to existing or new customers.

25. Following the three year Wind-Down Period, at its option, as to error or bug issues only, Cerence Inc. is required either to offer professional services or make relevant source code available to Nuance for an "adequate fee." (Ex. 1 at 9, Section 7.6.)

26. Cerence Inc. performed its obligations under the TTS License from September 2019 until expiration of the license in September 2024.

27. Shortly after the Nuance-Cerence spinoff, specifically in April 2021, Microsoft announced an agreement to acquire Nuance. Microsoft closed this acquisition in March 2022.

Shortly after this acquisition, Microsoft made clear to Cerence its intention to migrate legacy Nuance customers over to Microsoft's own cloud-based TTS technology. On information and belief, Microsoft thereafter owned and operated Nuance as a wholly-owned corporate subsidiary. At the same time, Microsoft held itself out to Cerence as Nuance's successor-in-interest.

28. In mid-2023, it was apparent that most legacy Nuance customers had not migrated to Microsoft's own TTS technology, and accordingly, Cerence contacted Defendants to discuss an extension of the term.

29. Despite negotiations, the parties were unable to reach agreement on an extension.

30. As a result, the TTS License expired on September 30, 2024.

31. Understanding that many legacy Nuance customers were continuing to use Cerence's TTS technology, and remained in need of additional licenses from time to time, Cerence expressly warned Defendants ahead of expiration of the TTS License that Defendants would not be able to sell additional licenses beyond the term. Cerence offered to make such sales directly, but Microsoft did not pursue this offer.

32. Following expiration of the TTS License, on information and belief, Defendants have continued to sell additional object code TTS licenses and otherwise use Cerence's TTS technology without permission.

33. In January 2025, again after expiration of the term, Microsoft announced that it was transferring Nuance's professional services business to an Indian partner, HCLTech, apparently assigning HCLTech responsibility for supporting legacy Nuance customers. On information and belief, this transfer included certain licensed TTS technology and therefore violated both: (a) the prohibition on assignment under section 11 of the TTS License; and (b) confidentiality obligations under section 6 of the TTS License.

## IV.
## CAUSES OF ACTION

### COUNT I
### (Copyright Infringement)

34. Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

35. The TTS technology is an original work of authorship created, maintained, and under continuing development by Cerence Inc. and its subsidiaries, and owned by Cerence OpCo. The TTS technology is copyrightable subject matter under the laws of the United States. The TTS technology is the subject of a valid U.S. copyright registration, specifically, Registration Number TXu 2-482-827, owned by Cerence OpCo.

36. Cerence OpCo is the exclusive copyright owner of the TTS technology.

37. Defendants had access to the TTS technology through the TTS License.

38. At the end of the license term, as set forth above, on information and belief, Defendants have continued to use the TTS technology beyond the scope of the limited Wind-Down Period rights provided in the TTS License.

39. Therefore, on information and belief, Defendants have violated Cerence OpCo's copyrights in and to the TTS technology by unlawfully using, reproducing, displaying, and distributing copies of software incorporating the TTS technology, and/or by producing works substantially similar to the TTS technology.

40. On information and belief, Defendants had full knowledge that their acts were wrongful and unlawful, and yet have continued to infringe said copyrights. In light of Defendants' willing participation in the negotiations for extension of the TTS License, Defendants were aware that they needed an extension to continue to use Cerence OpCo's TTS technology. Nevertheless, after those negotiations failed, and the TTS License expired, Defendants continued, on information

and belief, to use the TTS Technology, including without limitation, by selling additional port licenses to their customers. Accordingly, on information and belief, Defendants' infringing acts were and continue to be committed willfully.

41. As a direct and proximate result of Defendants' wrongful acts, Cerence OpCo has suffered and will continue to suffer and/or is likely to continue to suffer damage. Unless restrained, on information and belief, Defendants will continue to infringe Cerence OpCo's copyrights and thereby cause irreparable damage to Cerence OpCo. Cerence OpCo has no adequate remedy at law and is entitled to an injunction restraining Defendants and all other persons acting in concert with them from further acts of copyright infringement.

42. By reason of the foregoing, Cerence OpCo has suffered damages in an amount to be determined at trial, and is entitled to all damages suffered by Cerence OpCo and/or all gains, profits and other advantages derived by Defendants from the acts of infringement.

43. Cerence OpCo is also entitled to a preliminary and permanent injunction under the Copyright Act.

## COUNT II
### (Breach of Contract)

44. Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

45. The TTS License constitutes a valid agreement between Cerence Inc., on the one hand, and Nuance and its successors-in-interest, on the other hand.

46. Cerence Inc. has fully performed all conditions, covenants and obligations required of it under the TTS License.

47. Defendants have breached the TTS License by, without consent, assigning some or all of the rights thereunder to HCLTech and/or breaching surviving confidentiality obligations thereunder by sharing confidential information with HCLTech.

48. As a direct and proximate result of Defendants' breaches of their express and implied obligations as set forth above, Cerence Inc. has suffered injury and damages, in an amount subject to proof.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

49. That Defendants be held liable for willful violation of the federal Copyright Act, 17 U.S.C. § 501 *et seq.*, by willfully infringing Cerence OpCo's copyrights as alleged herein;

50. That Defendants and all those acting in active concert with them be preliminarily and thereafter permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 17 U.S.C. § 502, from directly or indirectly using, copying, advertising, or distributing any works incorporating the copyrighted matter as alleged herein;

51. That Defendants, pursuant to 17 U.S.C. § 503, be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all unauthorized copies of the works incorporating the copyrighted matter, and all computer hardware upon which such unauthorized copies reside;

52. That the Court order an accounting of all of all gains, profits, and advantages realized by Defendants, or others acting in concert or participation with them, from the unauthorized copying, public display, and/or distribution of the copyrighted matter, and that all such gains, profits, and advantages be deemed to be in constructive trust for the benefit of Cerence OpCo;

53. That Cerence OpCo be awarded actual damages according to proof pursuant to 17 U.S.C. § 504;

54. That Defendants be held liable for breach of contract, as alleged herein;

55. That Cerence Inc. be awarded damages and all equitable relief to which it is entitled for Defendants' breach of contract;

56. That Plaintiffs be awarded pre-judgment and post-judgment interest on the damages caused by Defendants;

57. That Plaintiffs recover the costs of this suit; and

58. That Plaintiffs be granted such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ Andrew C. Mayo* |
| *Of Counsel:* | Andrew C. Mayo (#5207) |
| | Brian A. Biggs (#5591) |
| Brian M. Daucher | 500 Delaware Avenue, 8th Floor |
| Gazal Pour-Moezzi | P.O. Box 1150 |
| Sheppard Mullin Richter & Hampton LLP | Wilmington, DE 19899 |
| 650 Town Center Drive, Tenth Floor | (302) 654-1888 |
| Costa Mesa, CA 92626 | amayo@ashbygeddes.com |
| (714) 513-5100 | bbiggs@ashbygeddes.com |
| bdaucher@sheppardmullin.com | |
| gpour-moezzi@sheppardmullin.com | *Attorneys for Plaintiffs* |
| | |
| Edwin Komen | |
| Sheppard Mullin Richter & Hampton LLP | |
| 2099 Pennsylvania Avenue, N.W., Suite 100 | |
| Washington, DC 20006-6801 | |
| (202) 747-1900 | |
| ekomen@sheppardmullin.com | |

Dated:  May 6, 2025