# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **CERENCE INC. AND CERENCE OPERATING COMPANY,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MICROSOFT CORPORATION AND NUANCE COMMUNICATIONS, INC.,**<br><br>**Defendants.** | **Court No. 1:25-cv-00553-JCG** |

## <u>OPINION AND ORDER</u>

[Referring a question to the Register of Copyrights relating to the validity of Plaintiff's copyright registration.]

Dated:  June 22, 2026

<u>Andrew C. Mayo</u> and <u>Brian A. Biggs</u>, Ashby & Geddes, of Wilmington DE; <u>Brian M. Daucher</u> and <u>Gazal Pour-Moezzi</u>, Sheppard Mullin Richter & Hampton LLP, of Costa Mesa, CA; <u>Edwin Komen</u>, Sheppard Mullin Richter & Hampton LLP, of Washington, D.C.  Attorneys for Plaintiffs Cerence Inc. and Cerence Operating Company.

<u>Anna Shea Gaza</u> and <u>Daniel G. Mackrides</u>, Young Conaway Stargatt & Taylor, LLP, of Wilmington, DE; <u>Susan J. Kohlmann</u> and <u>Cayman C. Mitchell</u>, Jenner & Block LLP, of New York, N.Y.  Attorneys for Defendants Microsoft Corporation and Nuance Communications, Inc.

Choe-Groves, Judge:  Plaintiffs Cerence Inc. and Cerence Operating

Company (collectively, "Plaintiffs" or "Cerence") filed this case against

Court No. 1:25-cv-00553                                    Page 2

Defendants Microsoft Corporation and Nuance Communications, Inc. (collectively, "Defendants") alleging copyright infringement and breach of contract. See Compl. (D.I. 1). Defendants filed Defendants' Motion to Dismiss the Complaint and Cerence filed its First Amended Complaint ("Amended Complaint"). See Defs.' Mot. Dismiss Compl. (D.I. 17); First Am. Compl. ("Am. Compl.") (D.I. 21).

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint ("Motion to Dismiss the Amended Complaint"). See Defs.' Mot. Dismiss First Am. Compl. ("Mot. Dismiss Am. Compl.") (D.I. 23); Defs.' Opening Br. Supp. Mot. Dismiss First Am. Compl. ("Def.s' Br.") (D.I. 24).

For the reasons discussed below, the Court defers its decision on Defendants' Motion to Dismiss the Amended Complaint and instead refers to the Register of Copyrights the question of whether the inaccurate information in Plaintiffs' certificate of registration, if known, would have caused the Register of Copyrights to refuse registration.

## BACKGROUND

Cerence is a Delaware corporation with its principal place of business in Burlington, Massachusetts. Am. Compl. at ¶ 2. Cerence alleges that Nuance Communications, Inc. ("Nuance") is a Delaware Corporation with its principal place of business in Burlington, Massachusetts. Id. at ¶ 3. Cerence alleges that

Court No. 1:25-cv-00553                                                    Page 3

Microsoft Corporation ("Microsoft") is a Washington corporation with its principal

place of business in Redmond, Washington.  Id. at ¶ 4.  Plaintiffs contend that

Nuance is a twenty-year veteran of the text-to-speech ("TTS") and voice

recognition industry with technology that allows companies to provide more

efficient and automated communication with their customers.  Id. at ¶ 10.  Prior to

2019, Nuance deployed these interactive technologies in numerous industries,

including automotive, healthcare, financial services, retail, and

telecommunications.  Id.  In 2018, Nuance separated its automotive business unit

from its other business units and created the spinoff of Cerence, Inc., Cerence

OpCo (Cerence Inc.'s wholly owned subsidiary), and other related subsidiaries.  Id.

at ¶ 11.  Cerence OpCo owns copyrights in the TTS technology, including a federal

registration of the source code embodied in Copyright Registration No. TXu 2-

482-827, titled "Cerence TTS."  Id. at ¶ 13; see Am. Compl. at Ex. 2

("Registration") (D.I. 21-2).  Cerence OpCo granted Cerence Inc. a non-exclusive

sublicensable license to Cerence TTS.  Am. Compl. at ¶ 13.  On September 30,

2019, as part of the spinoff, Nuance caused Cerence Inc. to enter into an Original

Equipment Manufacturer License and Distribution Agreement ("OEM

Agreement") covering Cerence TTS.  Id. at ¶ 14; see Am. Compl. at Ex. 1 ("OEM

Agreement") (D.I. 21-1).

Court No. 1:25-cv-00553                                                    Page 4

## LEGAL STANDARD

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, which grant the Court jurisdiction over civil actions relating to patents, plant variety protection, copyrights, and trademarks.  28 U.S.C. §§ 1331, 1338, 1367.

The Copyright Act provides that "subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Section 411(b)(1) provides that a certificate of registration satisfies the pre-suit registration requirement of Section 411(a) regardless of whether the certificate contains any inaccurate information, unless "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate" and "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."  Id. at § 411(b)(1).  The Copyright Act further provides that "[i]n any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."  Id. at § 411(b)(2).

"[A]n action for infringement of a copyright may not be brought until the copyright is registered."  Markantone v. Podiatric Billing Specialists, LLC, 599 F.

App'x 459, 460 (3d Cir. 2015) (citing 17 U.S.C. § 411(a)); Reed Elsevier, Inc. v.

Muchnick, 559 U.S. 154, 157 (2010) ("Section 411(a)'s registration requirement is

a precondition to filing a claim."). Section 411(a) is "akin to an administrative

exhaustion requirement that the owner must satisfy before suing to enforce

ownership rights[.]" Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 586

U.S. 296, 301 (2019).

## DISCUSSION

### I.        Validity of Plaintiffs' Copyright Registration

The Copyright Act permits the registration of multiple works as a single

work. 17 U.S.C. § 408(c)(1). For purposes of registration as a single work,

copyright regulations distinguish between published works and unpublished works.

See 37 C.F.R. § 202.3(b)(4). A work is "published" for purposes of the Copyright

Act when copies of the work are distributed to the public "by sale or other transfer

of ownership, or by rental, lease or lending" or offered to be distributed "to a group

of persons for purposes of further distribution[.]" 17 U.S.C. § 101.

The object code of Cerence TTS was "published" for purposes of the

Copyright Act when the OEM Agreement was executed on September 30, 2019.

Am. Compl. at ¶¶ 14, 32; OEM Agreement; 17 U.S.C. § 101. Cerence's

Registration has an effective date of registration of April 22, 2025, and a

registration decision date of April 24, 2025. See Registration. Accordingly, the

Registration was made more than five years following the distribution of the object code pursuant to the OEM Agreement, and the Court will exercise its discretion in according the Registration evidentiary weight as prima facie evidence of the validity of the copyright.  17 U.S.C. § 410(c) ("[T]he certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.  The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.").

The United States Copyright Office ("Copyright Office") "views source code and object code as two representations of the same work."  Compendium of U.S. Copyright Office Practices at § 721.5 (3d ed. 2021) (citing GCA Corp. v. Chance, 217 U.S.P.Q. 718, 719–20 (N.D. Cal. 1982) ("Because the object code is the encryption of the copyrighted source code, the two are to be treated as one work[.]")).  A program is considered "published even if the copies contained object code rather than source code and even if the source code has not been disclosed to the public."  Id. § 721.9(E) (citing Midway Mfg. Co. v. Strohon, 564 F. Supp. 741, 751 (N.D. Ill. 1983) ("[T]he object code is nothing other than a direct transformation of a computer program, composed . . . in source code[.]")).

On April 22, 2025, Cerence OpCo submitted an application for a copyright registration of Cerence TTS and the Copyright Office issued the Registration on

April 22, 2025 with registration number TXu 2-482-827, indicating that the Registration is for an unpublished work.  Id.  The Amended Complaint alleges that the "[s]oftware is distributed as object code, a publicly available end-product, leaving the source code essentially inaccessible.  Despite being inaccessible[,] unlicensed use or distribution of the object code results in distribution of the registered content of the copyrighted source code."  Am. Compl. at ¶ 32 n.1.  Defendants contend that Cerence's copyright registration is invalid because "Cerence sought and received a registration for an unpublished work . . . despite conceding in the [Amended Complaint] Cerence knew the work was published."  Defs.' Br. at 12.  Defendants aver that because Cerence's software was "distributed as object code," the allegedly infringed Cerence TTS was published.  Id. at 12–13.  Defendants argue that the Registration is invalid and requires dismissal because Cerence represented in its copyright application that the software was unpublished when Cerence knew that the software was published.  Id. at 13.  Plaintiffs aver that the Registration is valid and asserts that the Registration "properly covers the source code that is the subject of this lawsuit."  Pls.' Answering Br. Opp. Defs.' Mot. Dismiss at 17–18 (D.I. 26).  Plaintiffs contend that there is no issue with the Registration that would require dismissal.  Id. at 18.

Although 17 U.S.C. § 411(a) provides that a certificate of registration satisfies the pre-suit registration requirement of Section 411(a) regardless of

Court No. 1:25-cv-00553                                                    Page 8

whether the certificate contains any inaccurate information, the Court is statutorily

directed to request the Register of Copyrights to advise whether the inaccurate

information, if known, would have caused the Register of Copyrights to refuse

registration.  See 17 U.S.C. § 411(b)(2).

Because an action for infringement of a copyright may not be brought until

the copyright is registered, Markantone, 599 F. App'x at 460, and it is alleged that

the Registration is invalid due to inaccuracies, the Court does not reach the merits

of Defendants' Motion to Dismiss the Amended Complaint until the Register of

Copyrights advises the Court on this issue.

## CONCLUSION

Upon consideration of Defendants' Motion to Dismiss the Amended Complaint (D.I. 23) and all other papers and proceedings in this action, it is hereby

**ORDERED** that the Court defers its decision on Defendants' Motion to Dismiss the Amended Complaint (D.I. 23); and it is further

**ORDERED** that this case is stayed pending a response from the Copyright Office; and it is further

**ORDERED** that the following question is hereby referred to the Copyright Office:

Would the Register of Copyrights have refused Registration Number TXu 2-482-827 had it known that the object code was published in 2019?

The Clerk of Court is respectfully directed to provide a copy of this Opinion and Order to the General Counsel of the Copyright Office via email at 411filings@copyright.gov, in accordance with the procedures set forth in 37 C.F.R. § 205.14.

IT IS SO ORDERED this 22nd day of June, 2026.

                                            /s/ Jennifer Choe-Groves
                                            Jennifer Choe-Groves
                                            U.S. District Court Judge*

---

*Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.